IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| RBC BANK (USA) )<br> )<br>         Plaintiff )<br> )<br>   v. )<br> )<br>M. MICHAEL MASSUMI, et al. )<br> )<br>         Defendants )<br> )<br>_____ ) | Civil Action No. ELH11CV1351 |

## ANSWER AND COUNTERCLAIM AND JURY TRIAL DEMAND

Defendants M. Michael Massumi, M.D. and Eileen H. Massumi, by counsel, submit this Answer and Counterclaim, and for cause states:

## ANSWER

1. Defendants are without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint, and therefore demand proof thereof.

2. Defendants admit the allegations of Paragraphs 2, 3, 4 and 5 of the Complaint.

3. Defendants are without sufficient information to admit or deny the allegations of Paragraphs 6 and 7 of the Complaint, and therefore demand proof thereof.

4. Defendants admit that they are not current on the two notes, but are without sufficient information to admit or deny the actions taken by RBC Bank in response, and therefore demand proof of the remaining allegations of Paragraph 8 of the Complaint.

5. Defendants deny the allegations of Paragraphs 9 an 10 of the Complaint.

6. Paragraph 11 of the Complaint merely incorporates the previous paragraphs of the Complaint into Count I of the Complaint; therefore no response is required.

7. Defendants deny the allegations of Paragraph 12 of the Complaint.

8. Paragraph 13 of the Complaint merely incorporates the previous paragraphs of the Complaint into Count II of the Complaint; therefore no response is required.

9. Defendants deny the allegations of Paragraph 14 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiff has failed to manage the real estate collateral securing the promissory notes in a commercially reasonable manner.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed, with prejudice.

## **COUNTERCLAIM**

Counterclaimants M. Michael Massumi, MD and Eileen H. Massumi, by counsel, file this Counterclaim against Plaintiff RBC Bank (USA) and for cause, state:

## THE PARTIES

1. Counterclaimants M. Michael Massumi, MD and Eileen H. Massumi (the "Massumis") are residents of the state of Maryland who invested in two residential real estate lots on the Eastern Shore of Virginia in 2004.

2. Upon information and belief, Counter-defendant RBC Bank USA is the

successor in interest to RBC Centura Bank ("Centura"), which provided financing to the Massumis when they purchased the lots.

## FACTS COMMON TO ALL COUNTS

3. Upon information and belief, Centura provided development and infrastructure financing to the developers of a resort real estate development in Cape Charles, Virginia known as the Bay Creek Resort & Club ("Bay Creek").

4. Bay Creek opened for business in 2001, and included approximately 2,500 residential properties, two golf courses and marina and other amenities.

5. Between 2001 and 2004, Bay Creek sales failed to meet expectations, having sold fewer than 700 homes during that period.

6. As the provider of acquisition, development and construction financing for Bay Creek, Centura had a vested interest in securing sales of the residential properties and for that reason, provided permanent mortgage financing to many of the purchasers of homes in the development.

7. In addition, Centura had a vested interest in financing the resale of properties from their original purchasers at increased prices to induce other potential purchasers of lots being sold by the developer to believe that their real estate investments were safe and would appreciate in value.

8. In 2004, the Massumi's purchased two lots in the Heron Pointe subdivision of the Bay Creek development in Cape Charles Virginia – 138 Heron Pointe Drive and 6 Heron Court.

9. The purchase price for 138 Heron Pointe Drive was $730,000, with RBC Centura financing $657,000 or 90% of the purchase price.

10. RBC Bank held the mortgage on the sellers' property at 138 Heron Point Drive, and thus, the new loan to the Massumis was used to pay off the sellers' obligation to Centura.

11. The purchase price for 6 Heron Court was $690,000, and Centura provided mortgage financing in the amount of $621,000.

12. As part of the financing, Centura arranged to have both 6 Heron Court and 138 Heron Pointe Drive appraised by an appraiser of their choice.

13. As the lender to the developer, Centura knew or should have known that the value of the lots being sold to the Massumis was nowhere near the purchase price or the appraised value assigned by its appraiser.

14. Instead, because it was in Centura's interest to allow the lots to be sold for far in excess of their true value in order to support the value of its unsold lot collateral.

## COUNT I

15. Counterclaimants repeat and realleges the allegations of Paragraphs 1 through 14 as if more fully set forth herein.

16. RBC Bank and its predecessor Centura had a pecuniary interest in the sale of 138 Heron Point Drive and 6 Heron Court.

17. RBC Bank and its predecessor Centura supplied false information for the guidance of the Massumis in making a business decision to invest in the two properties.

18. Counterclaimants had a right to rely upon, and did in fact rely upon the appraisals supplied to them by RBC Bank and Centura.

19. RBC Bank and Centura failed to exercise reasonable care or competence in obtaining and communicating the information regarding the value of the properties in

which Counterclaimants invested.

20. As a result of the negligence of RBC Bank and Centura, Counterclaimant invested in real estate for which there is and was at the time of the investment little or no value. As a result, Counterclaimants have been damaged.

WHEREFORE, Counterclaimants demand judgment against Plaintiff and Counter-defendant RBC BANK (USA) in the amount of $1,211,000 together with their costs, including interest and attorneys' fees, incurred in these proceedings.

LEITESS LEITESS FRIEDBERG + FEDDER PC

     /s/ Steven K. Fedder
By: Steven K. Fedder
Federal Bar No. 00873
One Corporate Center
10451 Mill Run Circle
Suite 1000
Owings Mills, MD 21117
(410) 581-7400
(410) 581-7410 (Facsimile)
Steven.fedder@llff.com

Attorneys for Defendants and Counterclaimants

## JURY TRIAL DEMAND

Defendants and Counterclaimants respectfully request that the above-captioned matter be tried before a jury.

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 11th day of August, 2011, a copy of the foregoing Answer and Counterclaim and Demand for Jury Trial, was served *via* the Court's CM/ECF system, on:

Andrew L. Cole, Esquire
Franklin and Prokopik PC
The B&O Building
2 North Charles Street
Suite 600
Baltimore, MD 21201

                                       /s/ Steven K. Fedder
                                       Steven K. Fedder