# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

<table>
<tr><td>CHAMBERS OF<br>PAUL W. GRIMM<br>CHIEF MAGISTRATE JUDGE</td><td>101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-4560<br>(410) 962-3630 FAX</td></tr>
</table>

September 12, 2011

## ORDER SCHEDULING SETTLEMENT CONFERENCE

RE:   *RBC Bank (USA) v. Massumi*
      ELH-11-1351

Dear Counsel:

        This Order memorializes the telephone conference held today, during which I advised you of the potential conflict that exists with my handling the settlement conference for the above-referenced case.[1]  I informed you of my view that the conflict is one that the parties may waive, insofar as I am not called upon to make any rulings in the case, and all settlement communications must be kept confidential.  Both Plaintiff's counsel and defense counsel advised me that they waived the conflict and wished to proceed with settlement before me.  In light of this agreement, I agreed to continue to handle the case for settlement only.

        Please be advised that a settlement conference in the above-entitled case has been set for Tuesday, February 7, 2012 at 10:00 a.m. and will be held in my chambers (Room 8B).  Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.

        **PLEASE NOTE**:   It is essential that the parties, or in the case of a corporation, partnership, or government entity, a representative, with complete authority to enter into a binding settlement, be present in person.  A person with "complete authority" is someone who has the experience and judgment to exercise that authority *without having to consult with anyone who is not in attendance at the settlement conference*.[2]  Attendance by the attorney for a party is not sufficient.   Please also be advised that the conference may take the entire day, and all those in attendance should plan accordingly.

---

[1] Specifically, I advised that certain retirement and educational investments of my family are handled by an investment company by the name of RBC Dain Rauscher Investments, which appears to be an entity related to the Plaintiff.

[2] This requirement will only be waived upon a showing of exceptional circumstances.  If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration *at least two* weeks before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner.

No later than Tuesday, January 24, 2012, I would like to receive a **hard copy** (not an e-mail or a facsimile) of a short *ex parte* letter, **not to exceed five pages**, from each party candidly setting forth the following:

(1)     facts you believe you can prove at trial;

(2)     the major weaknesses in each side's case, both factual and legal;

(3)     reference to any pending dispositive or other motions that would have a **significant** effect on settlement for the Court to review prior to settlement **(please include a copy of the motion(s) and the paper number(s) and highlight and tab the relevant portions);**

(4)     an evaluation of the maximum and minimum damage awards you believe likely;

(5)     the history of any settlement negotiations to date; and

(6)     estimate of attorney's fees and costs of litigation through trial.

If you wish me to review any deposition excerpts or exhibits, attach a copy to your letter. **For attachments which are more than two pages in length (particularly deposition excerpts) place them in a binder, with a table of contents, and highlight and tab the portions that you want me to review**. I also will review the pleadings in the court file. Additionally, if you wish for me to review any case authorities that you believe are critical to your evaluation of the case, please identify them.

**In addition to submitting ex parte letters as required above, the parties shall exchange written settlement demands/responses prior to the commencement of the settlement conference.** First, Plaintiff shall forward a written settlement demand to the Defendant(s) no later than one month prior to the settlement conference. Plaintiff's demand shall particularize, at a minimum, each category of damages claimed and the method by which it was calculated, as required by Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure. Plaintiff's demand also shall include any request for non-monetary relief and the explanation and basis therefore. Defendant(s) shall respond, also in writing, within one week of receiving the demand. The response shall address each category of damages claimed and shall likewise identify any evidentiary support for Defendant(s)' response. If the Defendant(s) intends to respond to the demand by offering nothing, that shall be expressly stated and the response will include an explanation for this position. ***THIS CORRESPONDENCE BETWEEN THE PARTIES SHALL BE INCLUDED WITH THE EX PARTE LETTERS SUBMITTED TO THE COURT.*** **Failure to comply with the requirements of this paragraph may result in the postponement or continuation of the settlement conference.**

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d).

Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has recently issued a Formal Opinion (No. 93-370) which precludes a lawyer, **ABSENT INFORMED CLIENT CONSENT,** from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement.   The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters.  Therefore, please discuss these items with your client before appearing for the settlement conference.

Despite the informal nature of this letter it is an Order of the Court and will be docketed accordingly.

Sincerely,

/S/

Paul W. Grimm
United States Magistrate Judge

cc:     Judge Hollander
        Court File

hlw